O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

MORGANN FAITH THOMAS,

Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of Social Security,[1]

Defendant.

Case No. 5:24-cv-02477-CAS-DTB

**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

## I. INTRODUCTION

On December 12, 2025, United States Magistrate Judge David T. Bristow (the "Magistrate Judge") issued a Report and Recommendation that affirmed Social Security Administration Commissioner Martin O'Malley's ("Commissioner") decision to deny plaintiff Morgann Faith Thomas's ("Plaintiff") claim for disabled adult child insurance benefits and dismiss this action with

[1] Martin O'Malley, at the time the suit was filed, was the Commissioner of Social Security but is no longer in the role. Frank Bisignano took office in May 2025 and is therefore substituted in as the proper defendant. See Fed. R. Civ. P. 25(d).

prejudice. Dkt. 21 ("R&R"). On December 26, 2025, Plaintiff, acting through counsel, filed her objections to the R&R. Dkt. 23 ("Obj.").

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has reviewed the records and files herein, the R&R of the Magistrate Judge, and Plaintiff's objections thereto. After having made a *de novo* determination of the portions of the R&R to which Plaintiff's objections were directed, the Court accepts the report, findings, and recommendations of the Magistrate Judge.

## II. BACKGROUND

On February 2, 2022, Plaintiff filed an application for Child's Disability Benefits, alleging a disability that began on June 1, 2021. R&R at 2. The application was denied both initially and on reconsideration. Id. On November 8, 2023, Plaintiff, represented by counsel, and a vocational expert testified at a telephonic hearing before the Administrative Law Judge ("ALJ"). Id. On December 28, 2023, the ALJ denied Plaintiff's application because it found that Plaintiff "has not been under a disability, as defined in the Social Security Act, from June 1, 2021, through the date of this decision[.]". R&R at 2; R&R at 4.

On September 18, 2024, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, which also serves as the Commissioner's final decision. R&R at 4.

On November 19, 2024, Plaintiff filed a complaint that sought review of the Commissioner's denial of her application. Dkt. 1. On April 4, 2025, Plaintiff filed a supporting brief. Dkt. 14. Defendant filed a response on April 24, 2025. Dkt. 16 ("Response"). On May 30, 2025, Plaintiff filed a reply brief. Dkt. 19.

On December 12, 2025, the Magistrate Judge issued the instant R&R, recommending that judgment be entered affirming the Commissioner's decision and dismissing this action with prejudice. R&R at 2. On December 26, 2025, Plaintiff filed her objections to the R&R. Dkt. 23. Because the facts at issue

regarding Plaintiff's claims are comprehensively set forth in the R&R, the Court does not repeat them unless relevant to the Court's decision. See R&R at 2-4.

## III. LEGAL STANDARD

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. See 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." Chith v. Haynes, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

## IV. DISCUSSION

The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social

Security Act. See 20 C.F.R. § 404.1520. The process requires the ALJ to determine: (1) whether the claimant is “presently working in a substantially gainful activity”; (2) whether the claimant's impairment is “severe”; (3) whether “the impairment ‘meet[s] or equal[s]’ one of a list of specific impairments described in the [Social Security] [R]egulations”; (4) whether the claimant is “able to do any work that he or she has done in the past”; and (5) whether the claimant is able to do any other work. Maxwell v. Saul, 971 F.3d 1128, 1130 n.2 (9th Cir. 2020). At step five, “the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in ‘significant numbers’ in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience.” Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999).

Plaintiff argues that the Magistrate Judge (1) erred in finding that the ALJ properly relied on the State agency medical consultant’s prior administrative medical findings because those findings were based on outdated health records that did not consider additional information; (2) erred in affirming the ALJ’s conclusion that Plaintiff’s depression and anxiety were not severe impairments; and (3) erred in determining that the ALJ had sufficient evidence to support her findings on Plaintiff’s residual functional capacity (“RFC”). See generally Obj.

The Court will address each claim in the order that Plaintiff objected to the Magistrate Judge’s findings.

**A. Reliance on Outdated Physical Health Assessments**

Plaintiff argues that she is entitled to remand because the ALJ’s reliance on the state agency medical consultant’s prior administrative medical findings was an error that warrants remand to develop a more fulsome record. Obj. at 2-3. Plaintiff contends that the ALJ’s failure to consider the additional evidence provided was “not harmless” because plaintiff asserts it would have made clear

that she is unable to "perform the jobs of a document preparer, a telephone solicitor, and a clerical sorter." Obj. at 3. Plaintiff also argues that the ALJ should have relied on a medical expert. Id.

In response, defendant asserts that the ALJ's reliance on the prior administrative medical findings was appropriate, and Plaintiff's contrary interpretation of the evidence is not sufficient to rebut the ALJ's "reasonable and rational interpretation." Response at 2.

The Court is not persuaded that the ALJ improperly relied on outdated physical health records. Plaintiff fails to explain how the other records would have necessarily changed the result. R&R at 11. Those records reflect only occasional and temporary issues with Plaintiff's vision. Id. That Plaintiff interprets the evidence differently than the ALJ is not evidence of error. See Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."). Accordingly, remand is not warranted on Plaintiff's first objection.

**B. Failure to Find Plaintiff's Mental Impairments Severe**

Plaintiff next argues that the ALJ erred by failing to find that Plaintiff's depression and anxiety were severe impairments. Obj. at 3. Plaintiff further argues that the ALJ erred by disregarding Plaintiff's pain disorder. Id. Plaintiff argues that "the ALJ disregarded the confirmed diagnoses . . . as well as their functionally limiting effects." Id. Plaintiff contends that the consideration of this evidence would have provided the necessary context to properly evaluate her condition and make the correct determination. Id. at 4. Plaintiff concludes that these errors by the ALJ establish reversible legal error. Obj. at 7.

In response, defendant argues that the ALJ considered and did not find credible Plaintiff's complaints of depression and anxiety because they were not

supported by the objective medical evidence and Plaintiff's part-time work and international travel habits. Response at 3. Defendant argues that the ALJ was not required to find a severe mental impairment based on a depression diagnosis and receipt of "psychotropic medications." Id.

The Court is not persuaded by Plaintiff's objection that the ALJ failed to properly consider Plaintiff's mental impairments and classify Plaintiff's depression and anxiety as severe. "The mere existence of an impairment is insufficient proof of a disability." Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ considered and addressed Plaintiff's health history, R&R at 15, and determined her mental impairments "do not cause more than minimal limitations in the [Plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." Dkt. 11-3 at 22-23. Accordingly, remand is not warranted on Plaintiff's second objection.

**C. Insufficient Evidence for RFC Assessment**

Plaintiff's final objection is that the ALJ failed to provide context for the outcome of her RFC assessment. Obj. at 7-8. Plaintiff argues that because the record lacks RFC evaluation from any doctors, the ALJ should have brought in a medical expert to determine Plaintiff's RFC. Obj. at 8-9. Plaintiff asserts that the failure by the ALJ to do so requires remand. Obj. at 9.

In response, defendant argues that no additional experts were needed for the ALJ to make the RFC assessment, as it was in the ALJ's purview to do that on its own and the record supported the RFC as assessed. Response at 3.

The Court is not persuaded by Plaintiff's third objection because the evidence supports the RFC's conclusion and the ALJ included her rationale for the conclusion. "[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1006 (9th Cir. 2015). "Ambiguous evidence, or the ALJ's own finding that

the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996)). But without ambiguous evidence or an inadequate record, the ALJ is the party responsible for developing the RFC and no separate inquiry is required. Accordingly, remand is not warranted on Plaintiff's third objection.

## V. CONCLUSION

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that: (1) this Report and Recommendation is **ACCEPTED**; and (2) judgment shall be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Dated: August 10, 2026

Christina A. Snyder

HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE